I'm going to move to the second case this morning, Federal National Mortgage v. City of Chicago. Good morning, Your Honors. May it please the Court. This morning I will explain that the buyers of Fannie Mae and Freddie Mac's real property are not exempt from the City's transfer tax. Neither the language in the three federal statutes at issue nor the Supreme Court precedent supports such an exemption. So the City has not been preempted here. Each federal statute at issue exempts three, well each statute exempts a specific entity from local taxation. Each of the statutory charters exempts a corporation, which is defined in the respective statutes as Fannie Mae and Freddie Mac. And the Housing Economic Recovery Act exempts the agency, which is of course the FHFA. The statutes exempt those three entities, including various types of assets held by those entities. The City of Chicago does not require any of those entities to pay the transfer tax or impose a tax on their assets. Are all of those entities some kind of government? They're government instrumentalities, but they're asserting a statutory exemption. I'm not sure if that's... Well, I'm just curious. These seem to be government entities that have this exclusion. Well, they've gone through various iterations. I think you're saying that a buyer does not come under that cover is what you're trying to say. I'm sorry? You're trying to say a buyer of that property does not come under that umbrella. Absolutely. And that's what I'm trying to distinguish between a buyer and those entities. Right. A buyer absolutely does not come under that umbrella. Okay. What about those entities? They look like some sort of a government entity that gets this exclusion. They definitely have a distinct relationship with the government. It's changed over time. They've been independent entities. Now they're under conservatorship of the FHFA. They do have expressed statutory exemptions, and we don't dispute, as court decided in DeKalb, that that exemption does apply to them when a transfer tax is imposed on them. We submit it does not apply when it is imposed on the buyers of the real property because the city's transfer tax is imposed on the transferee, and it's owed at the time that the transferee receives or records the deed. So the exemptions in the federal statutes for Fannie Mae, Freddie Mac, and the FHFA do not apply. So the transferee buys the property for a certain amount, and then it's assessed to that tax, I guess, transfer tax. That's correct. So the situation here is not meaningfully different than what is involved in the Supreme Court cases involving the immunity of the federal government from state and local taxation. I understand that this is a statutory exemption, but there, by analogy, where the federal government enjoys the immunity from state and local taxation, the Supreme Court has held there is no basis to include other entities, even when they are closely involved with governmental functions and property. We cite a number of those cases in our brief, Esso Standard Oil, Blaze Construction. We submit that here, too, no one else should get the benefit of an exemption that is clearly assigned to three specific entities. Now, a statute could be drafted so that it is not entity-specific, but here it was not. And to illustrate how a statute can be drafted so it is not limited to one specific entity, I'd like to highlight a passage from Bismarck Lumber, which is a case that both parties cited, that compares two different types of exemptions that were at issue in that statute, which was the Federal Farm Loan Act, in a way that highlights the limitation of an entity-specific exemption. There was an exemption there similar to the one here for the specific entity at issue there, which was the Federal Land Bank, but there was also a second exemption that covers two specific types of assets, mortgages and loan bonds. And the court explained that the second type of exemption was a proper addition because the entity-specific exemption, because, quote, the bonds may be held by private persons and, of course,  And the court similarly said that the general entity-specific exemption would, quote, protect mortgages executed to the land banks and held by them, but it would not survive a transfer, end quote. So this passage makes clear that the general entity-specific exemptions do not apply to anyone else, especially when the exempt entity's property interest has been extinguished. Then you need the second type of exemption that is not limited to the entity, and that latter type of exemption just isn't present here in any of the three statutes. The plaintiffs rely heavily on the Lawrence Federal Savings and Loan case, and that is the only case involving an entity-specific exemption in which the local tax was being demanded of anyone besides the particular entity identified as exempt in the statute. Instead of the Federal Home Loan Bank, it was the Savings and Loan Institution that owed the tax, but even though the savings and loan was the taxpayer there, the exemption was applied to the bank's advances. Specifically, the state tax was on promissory notes that had been issued to the bank. So it was a tax on the bank's property, even if under the statute someone else would pay it. There's nothing like that here. The transfer tax is not a tax on Fannie Mae or Freddie Mac property. It's on a transfer, and it is not even owed until the deed conveying title to another party, the buyer, is delivered or recorded. Is that transfer tax in a dedicated tax, in a dedicated fund, or is it a general fund? I believe it's general funding. Okay. And it's $3.50 for every $500 value on the purchase price? I believe it's $3.75 for every $500. And then there's another, what we call the CTA portion, that is collected at, I believe it's at 1.25%. A dollar and a half or so. It boils down to about 1% between the two. All right. Well, of course, you buy a Chicago $300,000 house, that's a lot of money, and I know Chicago needs it. Chicago needs it. I mean, that's the point. It's a, you know, I'll call it a punitive tax, but it appears that maybe that's, they can do that. Well, it's a tax that's owed by buyers of property who are going to enjoy the benefits of that property by owning property within the City of Chicago. The taxes are used to fund important municipal services. But the court attached it to, blended it in and said they get the, the buyer gets that exemption, too, or that protection, right? Yes, and we submit that district court erred in that because there is no support in the plain language of the three statutes at issue that exempt Fannie Mae and Freddie Mac, but not their buyers. And there's a reason that plain language is so important, as you mentioned. There are policy justifications on both sides. And so it's up to Congress to balance those. State and local taxation is important. So while Congress wants to give, you know, Fannie Mae a boost and some leeway with some tax cuts, it can do that while preserving a measure of local taxation on buyers. And that balance makes sense since it is the buyer of Chicago property that will benefit from the municipal services. Fannie Mae's exemption includes the language mortgages, which the plaintiffs have emphasized, and we submit the City's transfer tax is not a tax on Fannie Mae's mortgage. The term mortgage standing alone does not mean the entire mortgage investment process, as plaintiffs argue. They compare that term to the broad meaning of the terms loan and advances, which were in the statutes at issue in Pittman and Lawrence. But we submit that a loan or advances can be made up of component parts, mortgages and promissory notes. But a mortgage does not contain as a component part the transfer of property after foreclosure when there isn't a mortgage anymore. And Freddie Mac's statute is a little bit different in that it is different in kind because it also includes activity in the including clause, rather than just assets or property. But regardless, the transfer tax is not imposed on a Freddie Mac's activity. It takes two to transfer, so there's activity by the seller and the buyer, and since this tax is aimed at the buyer's activity, and it's the buyer who owes the tax, and at the moment that the property becomes the buyer's, we submit that it is the buyer's activity, not the seller's. That is the subject here. So in conclusion, this statutory entity-specific language is not worded in a way that applies an exemption to all parties involved in a particular transaction. There is a way to achieve that with plain language directed at the transaction itself, either transfers specifically or transactions more generally, but Congress just didn't do that here. Congress wrote these three statutes to exempt specific taxpayers, Fannie Mae, Freddie Mac, and the FHFA, and the district court erred in implying an exemption for the buyers of their property as well. The buyers of Fannie Mae and Freddie Mac property are not included in the exemption. So we do ask that the judgment of the district court be reversed, and I will save the remainder of my time. I just have one other question, just on the real estate, et cetera. Usually these are Fannie Mae or Freddie Mac foreclosures, is that right? Right. And then they turn around and sell that property. Right. Oftentimes in those agreements, when there's deed in lieu of foreclosure, especially, they waive the deficiency. I'm curious mostly, I know this doesn't go into it, but it seems to me that especially when things are not going well, there's a lot of those kinds of foreclosures, and I just wondered if that's part of what the buyer, first of all, the debtor who loses the property, there's oftentimes a deficiency and they waive that usually. At least that's the way I recall it. It's been a long time since I was in this area of the law, but that seems to be how they get that and kind of cleans it up, so that the buyer then buys the property for whatever the market value is at that point, and then what the buyer pays is what is taxed. That's correct. Yeah.  Well, it's a tax that's imposed on any buyer property in the city of Chicago. Okay. It's an important source of tax revenue in the city of Chicago. This doesn't impact what happens on the foreclosure end of it, but the sale between Fannie Mae and its buyers, it's pretty straightforward. The tax is owed on the amount that it's being sold. Does it go into the general fund or just the CTA? Well, a portion of it does go to the CTA. Only a portion of it. Right, right. So a part of it is dedicated then. Yes, I'm sorry, and I corrected that earlier statement. So, yes, that's true. There's two different portions, and I believe it's one point.